UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS SMITH,                                      **COMPLAINT**

                            Plaintiff,

    -against-

UNITED STATES NATIONAL PARK SERVICE,        **JURY TRIAL DEMANDED**


                            Defendant,
-------------------------------------------------------------X

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the negligence of the herein Defendants resulting in personal injuries to the herein Plaintiff. On or about April 19, 2023, located at located at Fort Wadsworth Gateway National Recreation Area, Staten Island, New York 10305. Plaintiff was in the course of his employment. Plaintiff was moving approximately five-hundred-pound steel container to be prepared for service. The said container crashed into Plaintiff causing him to sustain severe injuries.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because this Complaint seeks damages in excess of $10,000,000.00 dollars, exclusive of interest and attorneys' fees.

3. The various negligent acts set forth in the instant Complaint occurred in the State of New York, County of RICHMOND.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1346(b) and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b), (c) and (e).

6. This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L. & R. § 1602.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

8.     On February 1, 2024, an Amended Notice of Claim respective to the claims underlying the instant Complaint was filed with Defendant UNITED STATES NATIONAL PARK SERVICE ("UNITED STATES NATIONAL PARK SERVICE") in compliance with the Federal Tort Claims Act and 28 U.S.C. § 2675.

9.     Defendant UNITED STATES NATIONAL PARK SERVICE has failed to make final disposition of said claim within six months after its filing.

10.    Said failure constitutes a denial of the claim for purposes of 28 U.S.C. § 2675(a).

11.    The instant Complaint seeks monetary compensation in the amount of $10,000,000.00 as is consistent with the aforementioned filed Notice of Claim.

## **PARTIES**

12.    Plaintiff, THOMAS SMITH, ("Mr. Smith") is a resident of the County of Richmond, State of New York.

13.    Defendant UNITED STATES NATIONAL PARK SERVICE is a federal department, agency, and/or organization of and/or organized under the laws of the United States of America on or about April 19, 2023.

14.    At all times relevant herein, Defendant UNITED STATES NATIONAL PARK SERVICE, was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, on or about April 19, 2023.

15. At all times relevant herein, Defendant UNITED STATES NATIONAL PARK SERVICE had and continues to have its principal place of business located at 271 Cadman Plaza East, Brooklyn, NY 11201, on or about April 19, 2023.

16. At all times relevant herein, Defendant UNITED STATES NATIONAL PARK SERVICE had and continues to be authorized to conduct business in the State of New York, on or about April 19, 2023.

## STATEMENT OF FACTS

17. At all times relevant herein, Defendant UNITED STATES NATIONAL PARK SERVICE, its agents, servants, and/or employees; owned, operated, managed, maintained, repair, supervised, controlled, and or inspected, a UNITED STATES NATIONAL PARK SERVICE branch located at Fort Wadsworth Gateway National Recreation Area, Staten Island, New York 10305, on or about April 19, 2023. The plaintiff was in the course of his employment moving an approximately five-hundred-pound steel container to be prepared for service. The said container crashed into Plaintiff, becoming seriously injured, due to an uneven, broken, unleveled dangerous and defective walking area/ground caused and created thereat, by the negligence and carelessness of Defendant.

18. The aforesaid occurrence was caused by and due to the negligence and carelessness of Defendant UNITED STATES NATIONAL PARK SERVICE in the ownership, operation, management, maintenance, repair, supervision, control, and/or inspection of the aforementioned premises and all relevant appurtenances thereat, upon which the Plaintiff was at; in failing to provide a safe means of access as required by law and acceptable standards; and in causing and/or creating a dangerous, defective and unsafe condition thereat on or about April 19, 2023.

19. That by reason of the premises and the wrongful acts and admissions of Defendant UNITED STATES NATIONAL PARK SERVICE as afore-mentioned, the Plaintiff was seriously and permanently injured, suffered and will continue to suffer agony to her body and mind; was and will be unable to attend to her usual duties and occupation, all to her damage in an amount to be determined by the Court.

## **FIRST CAUSE OF ACTION**

20. Mr. Smith repeats, reiterates and realleges each and every allegation as if fully set forth herein.

21. At all times relevant herein, Defendant UNITED STATES NATIONAL PARK SERVICE owed a duty to exercise reasonable care in the ownership, operation, management, maintenance, repair, supervision, control, and/or inspection of the aforementioned premises on or about April 19, 2023.

22. Defendant UNITED STATES NATIONAL PARK SERVICE breached its duty of care to other individuals at the aforesaid location, and in particular to Mr. Smith, as Defendant UNITED STATES NATIONAL PARK SERVICE was negligent and careless ownership, operation, management, maintenance, repair, supervision, control, and/or inspection of the aforementioned premises on or about April 19, 2023.

23. Defendant UNITED STATES NATIONAL PARK SERVICE was careless and negligent, *inter alia*, in the ownership, operation, control, management, maintenance, equipping, renovation, alteration, construction, arranging, snow/ice maintenance and removal, conducting and repair of the aforesaid location, and all appurtenances therein and thereat; in causing, allowing, permitting and/or creating a dangerous, defective, hazardous, unsafe, and trap-like condition to develop at said location; in allowing, permitting and causing a defective condition to remain at the

aforesaid location, without any signs and/or warnings thereat; in utilizing an unsafe and perilous area, which among other things, was unreasonably dangerous, raised, uneven, broken, thereby creating a perilous condition and tripping hazard thereat; in utilizing an unsafe and perilous area, which among other things, was unreasonably uneven, mis-leveled, trap-like and dangerous, thereby creating a perilous condition thereat; in utilizing a hazardous condition, which dangerously obstructed and hindered said area; in failing to utilize a proper area at said location; in failing to provide a safe means of access at said location; in failing to secure a dangerous condition thereat; in creating a dangerously means of access at the subject premises; in negligently and failing to properly build, install, remove and/or construct said location; in creating a perilous condition at same; in failing to warn persons of said hazardous, unsafe and trap-like condition; in failing to use adequate or proper methods to maintain said area; in causing, allowing, permitting and/or creating said premises and parts thereof, as described above, to fall into a state of disrepair, as described above, that it constituted a public and private nuisance and trap for the unaware, the public at large, and more particularly the plaintiff herein, that while lawfully upon the aforesaid location, plaintiff was caused to be fall and be violently precipitated to the ground. Said occurrence happening solely by reason of the carelessness and negligence of the defendant, their agents, servants and/or employees without any fault, wrongdoing, lack of care or culpable conduct on the part of the plaintiff contributing thereto; in failing to provide protective safety devices around, at, along, near or upon the aforesaid hazardous, defective and dangerous condition; in failing to warn the public at large, those mentioned above, and more particularly the plaintiff herein, that said premises and parts thereof, as described above, were in a dangerous and defective condition; in failing to place warning signs, notice, barriers, ropes and/or cones around said defective condition so as to prevent the public at large and more particularly the plaintiff herein, from passing nearby and becoming

exposed to the hazards therein and thereat; in failing to inspect the premises and parts thereof, as described above, for latent and patent defects; in allowing the aforesaid premises to remain unsecured; in failing to hire and/or employ adequate, properly trained and/or sufficient personnel for the purposes of supervising, inspecting, maintaining, constructing and repairing said premises and parts thereof, as described above; in failing to hire and employ any personnel for any of the aforementioned purposes; in improperly and negligently maintaining the grounds at the subject location, thereby creating an uneven, dangerous, defective and a tripping hazard thereat; in hiring and/or employing incompetent, untrained, and insufficient numbers of personnel to perform supervision, inspection, maintenance, construction and repair duties at said premises; in failing to train and supervise their agents, servants and/or employees in the proper and necessary inspection and maintenance of said premises; in failing to promulgate and enforce sufficient rules and regulations for safety standards of said premises; in causing injury to plaintiff herein; in failing to keep plaintiff, free from injury, notwithstanding the fact that the defendant, their agents, servants and/or employees, knew of, observed, permitted, allowed, caused and/or created the aforesaid defective condition to which the public at large, those mentioned above, and more particularly the plaintiff herein, would be exposed; in violating all applicable laws, statutes, rules, regulations codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in being careless, reckless, and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, construction, placement, equipping, guarding, renovating, alteration, arranging and conducting of the aforesaid location and parts thereof; in deviating from the standards of care and safety in accordance with industry custom, regulation, and/or rules, and with common knowledge and/or common sense; and in declining to, refusing to, failing to and refraining from correcting, repairing, eliminating and curing

the above described defective condition, thereby evincing a conscious disregard for the health, safety and welfare of others, of the public at large, of those mentioned above, and more particularly the plaintiff herein.

24. As a direct, foreseeable, and proximate result of the negligence of Defendant UNITED STATES NATIONAL PARK SERVICE, Mr. Smith sustained injuries including, but not limited to: left shoulder tear, cervical spine injury, lumbar spine injury, left knee injury, and right knee injury; and other serious injuries to be determined through discovery.

25. As a further direct and proximate result of the negligence of Defendant UNITED STATES NATIONAL PARK SERVICE, Mr. Smith has sustained significant pain and suffering, loss of past and future earnings, loss of enjoyment of life, out of pocket expenses, and other damages, and will continue to incur damages in the future.

26. As a further direct and proximate result of the negligence of Defendant UNITED STATES NATIONAL PARK SERVICE, Mr. Smith has incurred medical expenses for his care and treatment in an effort to alleviate and cure her injuries and will continue to incur additional expenses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Reasonable attorneys' fees, costs and interest; and

(c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 31, 2025

_____
Jason Herbert, Esq.
Krentsel Guzman Herbert, LLP

Attorney for Plaintiff
40 Wall Street, 45th Floor
New York, NY 10005
Phone: (212) 227-2900
Fax: (212) 227-3881
jherbert@kglawteam.com

## **CERTIFICATE OF MERIT**

Jason Herbert, being duly sworn deposes and states the following to be true under the penalties of perjury:

I am an attorney duly admitted to practice law in the State of New York. I am counsel for the Plaintiffs in this matter.

I have reviewed the facts of the case and have consulted with at least on physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
      July 31, 2025

 

_____
Jason Herbert, Esq.
KRENTSEL GUZMAN HERBERT, LLP
40 Wall Street, 45th Floor
New York, NY 10005
(212) 227-2900

## **ATTORNEY VERIFICATION**

Jason Herbert, an attorney at law, duly admitted to practice in the Courts of the State of New York and EASTERN DISTRICT of NEW YORK, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
　　　　July 31, 2025

　　　　　　　　　　　　　　　　　　　　　　　　JASON HERBERT, ESQ.

Index No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================

THOMAS SMITH

Plaintiff(s),

-against-

UNITED STATES NATIONAL PARK SERVICE,

Defendant(s).
================================================

**SUMMONS & COMPLAINT**
================================================

KRENTSEL GUZMAN HERBERT, LLP
40 Wall Street, 45th Floor
New York, NY 10005
(212) 227-2900
================================================

To
Attorney(s) for
================================================

Service of a copy of the within
is hereby admitted.
Dated,

_____
Attorney(s) for
================================================

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on                    19
☐ NOTICE OF SETTLEMENT
that an order                                              of which the within is a true copy
will be presented for settlement to the HON.                    one of the judges of the
within named Court, at
on                    19           at           M.
Dated,

Yours, etc.
**KRENTSEL GUZMAN HERBERT, LLP**
================================================